**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAWAD ABDELAZIZ,<br><br>                Plaintiff,<br><br>v.<br><br><br>SDG MGMT COMPANY, LLC, and FRANK PESCE<br><br>                Defendants. | Case No.:<br>1:24-CV-05787 (ALC) (GS)<br><br><br><br><br>April 7, 2026 |

**STIPULATED ORDER REGARDING THE**
**DISCLOSURE OF PRIVILEGED AND**
**ELECTRONICALLY STORED INFORMATION**

Plaintiff Jawad Abdelaziz and Defendants SDG MGMT Company, LLC and Frank Pesce, by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Regarding the Disclosure of Privileged and Electronically Stored Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

**I.    APPLICABILITY**

1.    This Order shall be applicable to and govern all deposition transcripts and/or videos and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

**II.    PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION**

1.    The production of any privileged or otherwise protected or exempted Information, as well as the production of Information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information or any other Information.

1

2.      The production of privileged or work-product protected documents, electronically stored information ("ESI"), or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3.      The producing party must notify the receiving party promptly, in writing, upon discovery that a privileged or work-product protected document has been produced. Upon receiving written notice from the producing party that privileged and/or work-product material has been produced, all such Information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in Paragraph 5, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

4.      The receiving party may contest the privilege or work-product designation by the producing party and shall give the producing party written notice of the reason for said disagreement. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material.

5.      Any analyses, memoranda, or notes which were internally generated based upon such produced Information shall immediately be placed in sealed envelopes and shall be destroyed in the event that (a) the receiving party does not contest that the Information is privileged, or (b) the Court rules that the Information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to their intended purpose in the event that (a) the producing party agrees in writing that the Information is not privileged, or (b) the Court rules that the Information is not privileged.

6.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or Information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected Information before production.

## III.    <u>REDACTIONS</u>

1.      Redactions shall be limited to information protected by privilege, work product, privacy rights, or other legally protected grounds, or as otherwise agreed. Redactions shall be clearly indicated on the face of the produced document (e.g., "Redacted") and, where feasible, the

basis for redaction shall be identified (e.g., "Privilege," "PII," "Confidential").

2.      If a document is redacted, the producing party shall produce the document with Bates numbering and the redactions applied in a manner that preserves the remainder of the document.

## IV.    ROLLING PRODUCTION

1.      The parties may make rolling productions.

2.      Unless otherwise agreed, each rolling production shall be accompanied by a production cover letter or email identifying: (a) the Bates range; (b) the custodians included; and (c) any exceptions or technical issues known at the time of production.

## V.    HANDLING OF INACCESSIBLE OR UNDULY BURDENSOME SOURCES

1.      A party need not search or produce ESI from sources that are not reasonably accessible because of undue burden or cost, consistent with Fed. R. Civ. P. 26(b)(2)(B).

2.      If a party contends that a source is not reasonably accessible, it shall identify the source category and the basis for inaccessibility with reasonable particularity, and the parties shall meet and confer regarding reasonable alternatives.

## VI.    DISPUTE RESOLUTION

1.      The parties shall meet and confer in good faith to resolve disputes arising under this Order before seeking Court intervention.

2.      If a dispute remains unresolved, the parties shall follow the Court's individual practices for discovery disputes, including any requirement for pre-motion letters, joint letters, or telephonic conferences.

## VII.    NO ADMISSION

1.      Compliance with this Order does not constitute an admission that any produced material is relevant, responsive, authentic, admissible, or non-privileged.

**STIPULATED AND AGREED TO on** April 7, 2026.

| | |
|---|---|
| **PLAINTIFF,**<br>**JAWAD ABDELAZIZ** | **DEFENDANTS,**<br>**SDG MGMT COMPANY, LLC and FRANK PESCE** |
| By his attorney, | By their attorneys, |
| */s/ Ricardo A. Salmon*<br>Ricardo A. Salmon, Esq., rs1906<br>Law Office of Ricardo A. Salmon, LLC<br>850 Clark Street, #1617<br>South Windsor, CT 06074<br>RSalmon@Salmonesq.com<br>ph: (860) 375-4781 | */s/ Shawn R. Chowdhury*<br>Brian E. Whiteley<br>Shawn R. Chowdhury<br>Barclay Damon LLP<br>160 Federal Street, Suite 1001<br>Boston, MA 02110<br>bwhiteley@barclaydamon.com<br>schowdhury@barclaydamon.com<br>ph: (617) 274 –2900 |

**IT IS SO ORDERED:**

The Honorable Gary Stein

United States Magistrate Judge

DATED: April 10, 2026

## **CERTIFICATION**

I, Ricardo Salmon, counsel for the Plaintiff, Jawad Abdelaziz, in the above-referenced matter, hereby certify that on April 7, 2026, I served a true and accurate copy of the foregoing document on counsel for the parties of record by filing electronically as follows:

**Service to:**

Brian Whiteley, Esq.
Shawn Chowdhury, Esq.
Barclay Damon LLP
160 Federal Street, Suite 1001
Boston, MA 02110

Email: BWhiteley@barclaydamon.com
        SChowdhury@barclaydamon.com

Ricardo A. Salmon, rs1906
850 Clark Street, #1617
South Windsor, CT 06074
Phone: (860) 375-4781
Fax: (860) 899-1019
E-Mail: RSalmon@SalmonEsq.com