**MEMO ENDORSED**

**RICARDO A. SALMON, ESQ.**
Attorney at Law
850 Clark Street, #1617, South Windsor, CT 06074
Telephone: (860) 375-4781
Facsimile: (860) 899-1019
RSalmon@SalmonEsq.Com
Admitted to Practice in NY & CT

September 17, 2026

The Hon. Andrew L. Carter, Jr
United States District Judge
The Hon. Gary Stein
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 1007

***Re: Abdelaziz v. SDG MGMT Company, LLC., et. al.***
***Civil Action No.: 1:24-cv-05787 (ALC) (GS)***

***LETTER MOTION TO CONDUCT PLAINTIFF'S DEPOSITION REMOTELY***

Dear Judge Carter and Judge Stein:

This office represents the Plaintiff, Jawad Abdelaziz, in the above-captioned matter. The Plaintiff respectfully submits this letter motion seeking an order pursuant to Federal Rule of Civil Procedure 26(c) directing that his deposition proceed by remote video conference rather than in person at Defendants' New York City office, and seeks a discovery conference on the same. The parties have met and conferred, including by video conference, but remain at an impasse.

## I. BACKGROUND

As background, the Defendants noticed Plaintiff's deposition for September 22, 2026, at their New York City office and insist on an in-person format. The Plaintiff has repeatedly requested that the deposition proceed remotely. Despite good-faith efforts to resolve this dispute, Defendants refuse to accommodate a virtual deposition.

The relevant facts are straightforward. The Plaintiff currently resides in Florida, more than 100 miles from the noticed deposition location in New York City. The Plaintiff's counsel is located in Connecticut, and the Defendants' counsels are in Boston. The Plaintiff is the father of two children, ages 2 and 1, and is actively assisting with their care. Requiring Plaintiff to fly from Florida to New York for a one-day deposition would impose unnecessary expense,

logistical burden, and disruption to his parental responsibilities without any corresponding benefit to the integrity or quality of the examination.

This action was filed in the Southern District of New York for jurisdictional purposes, not because the Plaintiff resides here. The Plaintiff no longer lives or works in New York.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(4) expressly permits depositions to be conducted "by telephone or other remote means." For purposes of the rule, the deposition occurs where the deponent answers the questions. A party deponent who lives more than 100 miles from the noticed location is entitled to protection from undue burden, and courts routinely grant protective orders requiring remote depositions under such circumstances. Fed.R.Civ.P. 26.

Federal Rule of Civil Procedure 26(c) specifically authorizes the Court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by specifying the method for conducting a deposition. The proportionality principles of Rule 26(b)(1) require that discovery be proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' resources, and the burden of the proposed discovery.

## III. ARGUMENT

### A. Requiring Plaintiff to Travel to New York Would Impose Undue Burden and Expense

The Plaintiff resides in Florida with his two young children, ages two and one. He is actively engaged in caring for them. Traveling from Florida to New York for a one-day deposition would require Plaintiff to arrange childcare, incur airfare and lodging expenses, and spend multiple days away from his family.

These burdens are unnecessary. Modern video conferencing technology permits full and fair examination of witnesses, including effective observation of demeanor, credibility assessments, and the ability to mark and review documents in real time. The COVID-19 pandemic demonstrated that remote depositions function effectively and are widely accepted in both state and federal courts.

Federal Rule of Civil Procedure 26(b)(1) requires that discovery be proportional to the needs of the case. The burden and expense of requiring Plaintiff to travel from Florida to New York far outweigh any marginal benefit Defendants might derive from conducting the deposition in person rather than remotely.

### B. The Practical Circumstances of All Counsel Support a Remote Deposition

The undersigned, Plaintiff's counsel, is located in Connecticut, and Defendants' counsels are in Boston. To our knowledge, none of the attorneys currently reside in New York City.

Requiring the Plaintiff and all counsel to travel to New York City imposes logistical burdens and expenses on everyone involved without improving the quality or integrity of the deposition.

A remote video deposition would allow a complete and fair examination while satisfying the proportionality principles of Rule 26(b)(1) and respecting the practical realities facing the parties and their counsel.

## C. Defendants' Stated Interest Does Not Justify the Burden

The Defendants argue that because Plaintiff chose to bring this action in the Southern District of New York, his deposition should be conducted here, and that his importance as a party witness justifies an in-person format. These contentions lack merit.

First, the fact that Plaintiff filed this action in New York for jurisdictional purposes does not mean he waived his right to reasonable accommodations in discovery. The Plaintiff no longer lives or works in New York, and he is entitled to the same protections from undue burden that any other party deponent would receive under the Federal Rules.

Second, the Defendants have not identified any specific concern about a remote format that cannot be addressed through standard video conferencing protocols. Remote depositions permit counsel to observe the witness, assess credibility, present documents, and conduct a thorough examination. If the Defendants have particular concerns about the remote format, the Plaintiff remains willing to confer and resolve them.

Third, the convenience of all parties and counsel weighs decisively in favor of a remote deposition. No one is located in New York City, and requiring everyone to travel there serves no legitimate purpose.

## D. Plaintiff's Parental Responsibilities Warrant Accommodation

The Plaintiff is the father of young children and is actively involved in their daily care. Courts routinely grant protective orders accommodating parental responsibilities, particularly where, as here, the burden can be eliminated through a simple procedural accommodation that does not compromise the opposing party's ability to conduct a full and fair examination. Requiring the Plaintiff to spend multiple days away from his family to attend a deposition that could easily be conducted remotely would impose unnecessary hardship and burden.

In conclusion, and for the foregoing reasons, the Plaintiff respectfully requests that the Court enter an order directing that Plaintiff's deposition proceed by remote video conference. This accommodation will permit the Defendants to conduct a full and fair examination while eliminating unnecessary expense, logistical burden, and disruption to the Plaintiff's parental responsibilities.

The undersigned certifies that counsel have met and conferred in good faith, including by phone and video conference, in an attempt to resolve this dispute without court intervention, but the parties remain at an impasse.

Thank you for your consideration of this matter.

Respectfully and Sincerely,

Ricardo A. Salmon, Esq. (rs1906)
*Attorney for the Plaintiff*

Application granted. Per the undersigned's Individual Rule II(C)(2), Defendant was required to submit a responsive letter-motion "within three business days following submission of the letter motion." Defendant has not responded to Plaintiff's letter. Thus, the Court deems Plaintiff's request to be unopposed. See Port Auth. of New York & New Jersey, No. 06 Civ. 481 (KNF), 2008 WL 4539484, at *1 (S.D.N.Y. Oct. 7, 2008). Plaintiff's deposition shall be conducted remotely. SO ORDERED.

Date: September 25, 2026

**Gary Stein**
**United States Magistate Judge**
**Southern District of New York**

## CERTIFICATION

I hereby certify that on September 17, 2026, a copy of the foregoing **Letter Motion To Conduct Plaintiff's Deposition Remotely** was filed electronically according to the Federal Rules of Civil Procedure and was served via electronic mail upon the following counsel of record:

**Service to:**

Brian Whiteley, Esq.
Shawn Chowdhury, Esq.
Barclay Damon LLP
160 Federal Street, Suite 1001
Boston, MA 02110

Email: BWhiteley@barclaydamon.com
SChowdhury@barclaydamon.com.

Ricardo A. Salmon, Esq. *rs1906*
*Attorney for the Plaintiff*
850 Clark Street, #1617
South Windsor, CT 06074
Phone: (860) 375-4781
Fax: (860) 899-1019
E-Mail: RSalmon@SalmonEsq.Com